Richard L. TRIPLETT et al., Plaintiffs,

v.

Norbert T. TIEMANN, Governor, et al., Defendants.

Civ. No. 03085.

United States District Court
D. Nebraska.

July 22, 1969.

See also D.C., 302 F.Supp. 1239.

## MEMORANDUM AND JUDGMENT

RICHARD E. ROBINSON, Chief Judge.

A three-judge court was designated to hear and determine this case because of the assertion in the complaint of an Equal Protection Clause claim in addition to a Supremacy Clause claim. That court has held, as its Memorandum and Order herein show, that the undisputed facts are without arguable basis for any contention of equal protection violation against the plaintiffs and that the situation therefor does not present a substantial question in this respect which could entitle the three-judge court to make disposition of the Supremacy Clause claim adjunctively. The case has accordingly been relegated to me for disposition of the Supremacy Clause claim in my single-judge court capacity.

The facts of the situation have been set forth in the Memorandum and Order of the three-judge court, and these are adopted and incorporated herein by reference. They need therefore not be repeated. It seems clear to me that the situation does involve a violation of the Supremacy Clause against the plaintiff school districts (both instituting and intervening districts) and that their motion for summary judgment as to this claim is entitled to be sustained. As to the Supremacy Clause claim, however, of the plaintiff taxpayers (both instituting and intervening), the alleged violation is theoretical and of such remoteness that it does not merit consideration, and it will therefore be dismissed.

In respect to the plaintiff school districts, the conclusion seems to me inescapable that the Nebraska statute, N.R. S.Supp.1967, §§ 79–1330 to 79–1344, in providing for aid by the State to all of its public schools in order to supplement their local revenues, and then requiring that credit or deduction shall be made as to this general supplementation of the payments received by any school district under subsections 3(a) and 3(b) of Public Law 874, 81st Congress, 64 Stat. 11.-00, is attempting to make the federal funds serve as a part of or a benefit to the State in its general aid commitment, and not in the role of special assistance to a school district for the local impact inflicted upon it by federal activities.

Recognizing, as the Legislature did, that all school districts in Nebraska had need of state aid, the statute assumed to mandate that the districts upon which a federal impact had occurred in the respects here involved should make application for such funds as were available to them on that account and then have these federal funds credited against or deducted from the amount of the state aid which the statute otherwise would have provided to them. This constituted in effect an absorption of the federal funds into the scheme of state aid; made these funds have the status or equivalence of the general aid payments which were being provided to all school districts; and hence deprived the funds of their federal purpose and significance as special local assistance payments for federal impact.

The object of Congress had been, as 20 U.S.C. § 236 declared, "to provide financial assistance * * * for those local educational agencies upon which the United States has placed financial burdens by reason of [etc.] * * *". In undertaking to make this special assistance have a different financial significance to a local school district than that for which Congress had provided, the Nebraska statute must be held to constitute an interference with the operation

and object of the federal statute and so to be violative of the Supremacy Clause.

■■ From the earliest days on, it has unbrokenly been held that a State may not "retard, impede, burden or in any manner control the operations of the constitutional laws enacted by Congress * * *". McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L.Ed. 579 (1819). Whenever a state measure conflicts with a valid federal statute the state provision must give way. Swift & Co. v. Wickham, 382 U.S. 111, 120, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

■ Here, as indicated, the purpose and nature of the federal payments involved were made clear on the face of the federal statute. They were intended to provide special assistance to "local educational agencies" for federal impact. Any attempt of a state-aid law to change or nullify this special significance, by making the payments serve as a credit upon or a part of the amount of the state aid to which such local educational agencies would otherwise be entitled, "is in direct contravention to congressional intent".

The language just quoted is taken from H. R. Report No. 1814 (1966) on a proposed amendment of Public Law 874 (which did not become enacted at that session) aimed at stopping the States from engaging in any such dealing with the payments which have been made to local educational agencies thereunder. Fifteen states had at that time assumed to so treat these federal payments, in whole or in part; and Nebraska added itself to the list when it enacted its state-aid statute in 1967.

Thereafter, in 1968, Congress did engage in amendment of Public Law 874, and provided that "No payments may be made during any fiscal year to any local educational agency in any State which has taken into consideration payments under this title in determining * * * the amount of [State] aid, with respect to free public education during that year or the preceding fiscal year * * *". 82 Stat. 1097, 20 U.S.C. § 240(d) (2).

This amendment adds confirmation and fortification to the right of the plaintiff school districts not to have the congressional intent intruded into or interfered with as to the federal payments involved in the controversy here.

The plaintiff school districts are accordingly entitled to an injunction on behalf of themselves and the 43 other school districts in the State similarly situated, preventing the defendants from using the federal payments which have been or will be made to any of these local educational agencies under subsections 3(a) and 3(b) of Public Law 874, 81st Cong., as a credit or basis for reduction in the amount of state-aid funds under Neb.R.S.Supp.1967, §§ 79–1330 to 79–1344, to which such school districts would otherwise be entitled. The defendants have advised that, under the restraining order previously issued herein, they have withheld a sufficient amount of funds to be able to make payment of the sums to which each of such school districts would be entitled without deduction on account of their federal payments.

It may be added in concluding that the holding here made as to Supremacy Clause violation is in accord with that of four other federal district courts which have considered similar deduction provisions in the statutes of other states. See Shepheard v. Godman (E.D.Va. 1968) 280 F.Supp. 869; Douglas Independent School District No. 3 v. Jorgenson (D.S.D.1968), 293 F.Supp. 849; Hergemeter v. Hayden (D.Kan.1968) 295 F.Supp. 251; Carlsbad Union School District v. Rafferty (S.D.Cal.1969) 300 F.Supp. 434.

## JUDGMENT

On the basis of the foregoing Memorandum, it is ordered, adjudged and decreed as follows:

1. The defendants are hereby enjoined from using or giving effect to the federal payments which have been or will be made to the plaintiff school districts and to other Nebraska school districts under subsections 3(a) and 3(b)

of Public Law 874, 81st Congress, as a credit or basis for reduction in the amount of the state-aid funds under Neb.R.S.Supp.1967, §§ 79–1330 to 79–1344 to which such school districts would otherwise be entitled.

2. The claim of the plaintiff taxpayers of a Supremacy Clause violation against them is hereby dismissed.